**In re Michael C. EZELL, Debtor.**

**No. 01–52506.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 4, 2001.

Michael C. Ezell, Austintown, OH, pro se.

D. William Davis, Bridgeport, OH, Chapter 7 Trustee.

### ORDER ON REAFFIRMATION AGREEMENTS

BARBARA J. SELLERS, Bankruptcy Judge.

The debtor in this chapter 7 bankruptcy case has elected to proceed without legal representation. He also has executed two reaffirmation agreements with Seven Seventeen Credit Union, Inc. ("the Credit Union"). Pursuant to 11 U.S.C. § 524(d), the Court held a hearing to determine if these

reaffirmations are voluntary, are in the debtor's best interest and impose no hardship on the debtor or his dependents.

The first reaffirmation with the Credit Union relates to a loan to the debtor and his wife. At the time the loan was made, the debtor's wife owned a car she had received as an inheritance. That vehicle was pledged to secure repayment of the loan. The debtor is now separated from his wife and she lives in California. The liened car is with her and will not be driven by the debtor.

The second reaffirmation relates to an unsecured debt incurred on a Visa card issued by the Credit Union.

The debtor stated that he has been making the payments of $171.87 and $20 each month on account of these obligations. The reason he gave for wanting to reaffirm these debts is that the Credit Union told him his membership would be cancelled if he "filed bankruptcy on them."

The Court finds that the debtor may be able to make the agreed-upon payments and the agreements, therefore, do not impose an undue hardship on him. However, the Court cannot find that these agreements are in the debtor's best interest.

The debtor derives no benefit from the auto which is titled to his wife and driven by her in another state. Although the debtor sends $320 each month to her, there is no court-ordered support obligation. Nor is it in the debtor's best interest to waive the effect of his discharge for the unpaid balance on the Visa debt. The debtor is free to pay both of these obligations if he freely chooses to do so. He does not need to waive the benefit of his discharge to do that. *See* 11 U.S.C. § 523(f). Without the reaffirmation agreements, the debtor, who is 59 years old, can pay as he wants and is able, without being obligated to pay should his circumstances change.

The Court also reminds the Credit Union that threats or coercive actions designed to force a debtor to repay a discharged debt can and may have serious legal consequences. Section 524(a) of Title 11, United States Code, governs such actions. The Credit Union, which did not attend the noticed hearing on the reaffirmations, must abide by that law. *See, e.g., Conley v. Sears, Roebuck & Co.,* 222 B.R. 181 (D.Mass.1998).

Based on the foregoing, the Court declines to approve the two reaffirmations filed between the debtor and Seven Seventeen Credit Union.

**IT IS SO ORDERED.**